UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RANDY C. WILLIAMS                                                                                   PLAINTIFF

VERSUS                                                     CIVIL ACTION NO. 3:21-CV-127-KHJ-RPM

THE STATE OF MISSISSIPPI                                                                    DEFENDANT

## **REPORT AND RECOMMENDATION**

Plaintiff Randy C. Williams, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint on February 22, 2021. Williams currently is serving a 30-year sentence based on a 1997 rape conviction. *See Williams v. State of Mississippi*, 736 So.2d 1081, 1082 (Miss.Ct.App. 1999). He was a minor at the time of his conviction and sentence. Williams asserts that the State of Mississippi discriminates against juvenile offenders, such as himself, who were convicted between June 30, 1995, and 2014, by sentencing them to long-term, mandatory sentences without the opportunity for parole. He argues that such long-term, mandatory sentences without parole eligibility violate the Eighth and Fourteenth Amendments. According to Williams, Mississippi's parole eligibility provisions changed in 2014 such that juvenile offenders convicted of violent crimes on or after July 1, 2014, are eligible for parole after serving 50 percent of the sentence imposed by the trial court. Williams now seeks parole eligibility based on this alleged change in Mississippi's parole eligibility provisions.

Defendants have filed a motion for summary judgment arguing that Plaintiff's *in forma pauperis* status should be revoked because on not fewer than three occasions while incarcerated he has brought a civil action or appeal under § 1915 which has been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Doc. [23]. Plaintiff has not filed a response in opposition to the motion for summary judgment and therefore does

not dispute Defendants' contention that he has received three strikes. For the reasons stated below, the undersigned recommends that Plaintiff's *in forma pauperis* status be revoked pursuant to 28 U.S.C. § 1915(g).

## **DISCUSSION**

In a previous order, the Court determined that Williams' complaint is properly construed as a § 1983 civil rights complaint rather than a 28 U.S.C. § 2254 habeas petition. Doc. [18]. The Fifth Circuit has adopted a "bright line rule" for resolving whether a complaint is properly considered under § 1983 rather than § 2254: If a favorable determination would not automatically entitle the prisoner to accelerated release from confinement, the complaint is properly characterized as a § 1983 suit. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)). Prisoners who seek review of the procedures used to determine parole eligibility may do so through a civil rights complaint filed pursuant to § 1983, because success would not necessarily translate into an immediate release or even a shorter stay in prison and, at most, would provide the prisoner with a new determination of whether he is eligible for parole consideration. *See Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005). In the instant case, a decision in Williams' favor would not entitle him to immediate release but would determine merely whether he is parole eligible prior to completion of his 30-year sentence; therefore, his claim is properly brought under § 1983. *See Cook*, 37 F.3d at 168.

On April 26, 1996, the Prison Litigation Reform Act (PRLA), Pub. L. No. 104-134, 110 Stat. 1321 (1996) became law. The PLRA modifies the requirements for proceeding *in forma pauperis* in federal courts. Among other things, a prisoner's privilege to proceed *in forma pauperis* is revoked if he has, on three prior occasions during detention, had a civil action or

appeal dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court must consider all actions which were dismissed as frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA. *Adepegba v. Hammons*, 103 F. 3d 383, 386 (5th Cir. 1996) (counting as a "strike" a district court's dismissal, prior to enactment of the PRLA, of a frivolous § 1983 claim).

A review of Williams' prior lawsuits reveals that the following § 1983 lawsuits filed *in forma pauperis* have been dismissed and counted as strikes: *Williams v. Johnson*, No. 4:00-cv-18-TSL (S.D. Miss. Mar. 23, 2000); *Williams v. Perry et al*, No. 1:15-cv-397-RHW (S.D. Miss. Oct. 27, 2016); *Williams v. Davis et al*, No. 5:17-cv-59-MTP (S.D. Miss Mar. 28, 2018). *See also Williams v. Simon et al*, No. 4:20-cv-29-GHC-RP (N.D. Miss. Oct. 11, 2022) (revoking Williams' *in forma pauperis* status based on accumulation of strikes). Accordingly, Williams has accumulated at least three strikes. His *in forma pauperis* status should be revoked; and he should be required to pay the full filing fee to maintain his lawsuit. *See Adepegba*, 103 F.3d at 387. Williams has not filed a response to the summary judgment motion and does not dispute that he is subject to the three-strikes provision. Although there is an exception to the three-strikes bar for prisoners "under imminent danger of serious physical injury," Williams does not allege that he qualifies for the exception. *See* 28 U.S.C. § 1915(g); *Newman v. Harris*, 770 F. App'x 216, 217 (5th Cir. 2019); *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998). Williams' complaint focuses exclusively on whether he should be parole eligible and does not suggest any imminent danger that would bring his claim under the exception.

Even if the Court were somehow to construe Williams' complaint as a § 2254 petition rather than a § 1983 complaint, his underlying claim is without merit and faces substantial procedural hurdles. The U.S. Supreme Court has held that the Eighth Amendment prohibits

3

imposing a sentence of life without parole for juvenile offenders who have not committed homicide. *See Miller v. Alabama*, 567 U.S. 460, 479 (2012); *Graham v. Florida*, 560 U.S. 48, 82 (2010). Williams asserts a *Miller/Graham* claim in his pleadings based on his status as a juvenile offender. *See* Doc. [1] at 3. However, the Supreme Court's holding applies to life sentences and has not been extended to juvenile offenders such as Williams who were sentenced to a prison sentence for a term of years. *See United States v. Sparks*, 941 F.3d 748, 754 (5th Cir. 2019). The trial court sentenced Williams to a 30-year prison term. In fact, according to the Mississippi Department of Corrections' website, Williams' tentative release date is in 2027. Thus, Williams' claim is without merit.

In all likelihood, Williams' claim would be procedurally barred as well. He previously filed a 28 U.S.C. § 2254 habeas petition in 2006, which was dismissed as time-barred pursuant to the Anti-terrorism and Effective Death Penalty Act's (AEDPA) one-year limitation period. *Williams v. Kelly*, No. 4:06-cv-56-TSL-JCS (S.D. Miss. Nov. 28, 2006). There is no indication that Williams exhausted state remedies regarding his *Miller/Graham* claim prior to filing the instant lawsuit. Even if he had, the claim would be barred by the one-year limitation period. Williams' instant § 1983 complaint was filed on February 2, 2021, more than six years after the new parole eligibility provisions allegedly took effect on July 1, 2014. Likewise, the Supreme Court's rulings in *Miller* and *Graham* were issued approximately 9 and 11 years prior to Williams filing the instant § 1983 complaint. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).

4

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendants' [23] Motion be GRANTED, and that Plaintiff's *in forma pauperis* status be revoked.  Plaintiff should be required within thirty (30) days of the adoption of this recommendation, to pay the Clerk of the Court the required filing fee or have this case dismissed for want of prosecution.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 1st day of June 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE